1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD JOSE DUPREE, JR.,

11              Plaintiff,              No. 2:11-cv-1700 KJN P

12       vs.

13   UNITED STATES COPYRIGHT
     OFFICE,                           ORDER and
14
                Defendant.             FINDINGS AND RECOMMENDATIONS
15   _____/

16          Plaintiff is a state prisoner at California State Prison-Corcoran, proceeding

17   without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to

18   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this

19   court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20          Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1   make monthly payments of twenty percent of the preceding month's income credited to

2   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4   fee is paid in full.  28 U.S.C. § 1915(b)(2).

5           The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.

16          Plaintiff sues the United States Copyright Office for "price discrimination,"

17  asserting that plaintiff's indigent status has rendered him unable to copyright his lyrics.  Plaintiff

18  asserts that, as a result, plaintiff's lyrics have been stolen by established music artists, effectively

19  "block[ing] [plaintiff] out of the 'free trade' market."  (Dkt. No. 1 at 5.)  Plaintiff has attached

20  some of his lyrics, as well as a copy of the instructions provided by the U.S. Copyright Office,

21  which state in pertinent part that "[a]n application for copyright registration contains three

22  essential elements:  a completed application form, a nonrefundable filing fee [$35 to $65,

23  depending on the form and method of registration], and a nonreturnable deposit [of the material

24  sought to be copyrighted]. . . ."  (Id. at 6.)

25          Plaintiff also asserts, with details, that he "has come up with another brilliant idea

26  that involved (trade secrets) to protecting credit theft, as to pin code theft, and access code. . . ."

2

1   (Id. at 3.)  Plaintiff references another case, currently pending before the undersigned (Dupree v.

2   International Telecommunications Satellite Organization et al., Case No. 2:11-cv-01506 KJN),

3   pursuant to which plaintiff asserts that he is suing the International Satellite Organization for

4   black market activities related to the theft of plaintiff's lyrics.  Plaintiff contends that the facts of

5   the instant case support the following legal claims under the United States Constitution:   Fourth

6   Amendment ("unreasonable search & seizure"); Fifth Amendment ("deprivation of property

7   without due process of law," and taking of "private property . . . for public use without just

8   compensation"); Eighth Amendment ("cruel and unusual punishment"); Thirteenth Amendment

9   ("slavery involuntarily"), and Fourteenth Amendment ("equal protection of laws").  (Dkt. No. 1

10  at 5.)  Plaintiff seeks "200 million dollars" in damages, and "release from prison A.S.A.P."  (Id.

11  at 28.)

12          Plaintiff fails to state a potentially cognizable claim under the Fifth or Fourteenth

13  Amendments.  Indigence is not a suspect class, and thus any classification thereon triggers only a

14  rational basis analysis.  Rodriguez v. Cook, 169 F.3d 1176, 1179-80 (9th Cir. 1999).  Similarly,

15  the right to obtain exclusive rights to one's intellectual property is not a fundamental right, and

16  thus triggers no more than a rational basis test.  Boyden v. Commissioner of Patents,441 F.2d

17  1041 (D.C. Cir. 1971), cert. den., Boyden v. Commissioner of Patents, 404 U.S. 842 (1971).  It is

18  well accepted that a fee requirement is rationally related to the processing of a copyright

19  application.  See Figueroa v. United States, 466 F.3d 1023, 1031 (Fed. Cir. 2006) ("Fees have

20  been an accepted condition of patentability since the first patent statute was enacted in 1790.");

21  see also Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 688 (1966) ("Within the limits of

22  the constitutional grant [of federal patent power], the Congress may, of course, implement the

23  stated purpose of the Framers by selecting the polic[ies] which in its judgment best effectuate[]

24  the constitutional aim.")

25          Plaintiff's additional claims pursuant to the Fourth, Eighth and Thirteenth

26  Amendments are patently frivolous.

3

1    Because the complaint fails to state any potentially cognizable legal claim, it

2    should be dismissed as frivolous.  Neitzke, 490 U.S. at 327; accord, Price v. United States, 2005

3    WL 3207402, *4-5 (D. Ariz. 2005) (plaintiff's First Amendment, due process and equal

4    protection challenges to the application fee requirements for obtaining copyrights, patents and

5    trademarks, failed to state a cognizable claim); aff'd in pertinent part, Price v. Bjelland, 370 Fed.

6    Appx. 838, 840 (9th Cir. 2010) (finding that "the district court properly dismissed [plaintiff's]

7    equal protection and due process claims because there is a rational basis for the government's fee

8    requirement for an application to register intellectual property") (citations omitted); Dunn v.

9    Doll, 2007 WL 3203041, *2-3 (N.D. Cal. 2007) (rejecting any constitutional claims premised on

10   plaintiff's challenge to the denial of his patent application, for which plaintiff failed to state any

11   cognizable claim).

12         Moreover, plaintiff should not be granted leave to file an amended complaint,

13   based on the court's finding that the instant complaint "cannot possibly be saved."  Lopez v.

14   Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are

15   only required to grant leave to amend if a complaint can possibly be saved.  Courts are not

16   required to grant leave to amend if a complaint lacks merit entirely."); see also Doe v. United

17   States, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if

18   no request to amend the pleading was made, unless it determines that the pleading could not be

19   cured by the allegation of other facts.").

20         Finally, but significantly, the court notes that at least two of plaintiff's prior cases

21   have been dismissed as either "frivolous" (Dupree v. United States District Court, Case No. 2:11-

22   cv- 0263 DAD (Dkt. No. 10)), or for "failure to state a claim" (Dupree v. Santiago et al., Case

23   No. 2:11:0309 EFB (Dkt. No. 7)).

24         The "three strikes" provision of the Prison Litigation Reform Act ("PLRA")

25   requires a court to deny in forma pauperis status to a prisoner who "has, on 3 or more prior

26   occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

4

1   the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

2   a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious

3   physical injury." 28 U.S.C. § 1915(g). Thus, "[p]risoners who have repeatedly brought

4   unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"

5   Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The purpose of this rule is to

6   further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney

7   v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); accord, Rodriguez v. Cook, 169 F.3d 1176, 1180

8   (9th Cir. 1999) ("Section 1915(g) does not prohibit prisoners from accessing the courts to protect

9   their rights. Inmates are still able to file claims – they are only required to pay for filing those

10  claims.").

11          Dismissal of the instant case would constitute plaintiff's "third strike" pursuant to

12  28 U.S.C. § 1915(g). Pursuant to the statute, plaintiff would thereafter be precluded from

13  pursuing an action in forma pauperis absent a finding that plaintiff meets the statutory exception.[1]

14  Given the significance of these matters, they shall be submitted to the district judge for final

15  ruling. See 28 U.S.C. § 636(b)(1)(A) (absent consent of the parties, district judge must rule on

16  dismissal for failure to state a claim, and on involuntary dismissal of an action).

17          In accordance with the above, IT IS HEREBY ORDERED that:

18          1. Plaintiff's request for leave to proceed in forma pauperis is granted.

19          2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

20  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21  § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

22  Director of the California Department of Corrections and Rehabilitation filed concurrently

23  herewith.

24

25          [1] This order is not intended to impact the in forma pauperis status already granted to
    plaintiff in other cases currently pending before this court. See e.g. Dupree v. International

26  Telecommunications Satellite Organization et al., Case No. 2:11-cv-01506 KJN (in forma
    pauperis status granted on June 23, 2011).

1    3.  The Clerk of Court is directed to randomly assign a district judge to this action.

2    In addition, IT IS HEREBY RECOMMENDED that:

3    1.  Plaintiff's complaint be dismissed without leave to amend.

4    2.  This action be dismissed as frivolous and for failure to state a claim.

5    3.  This action be designated plaintiff's "third strike" under the PLRA, 28 U.S.C.

6    § 1915(g).

7    4.  The Clerk of Court be directed to designate, in the "Three Strikes" databases

8    maintained by this court and the Ninth Circuit, that dismissal of the instant case constitutes

9    plaintiff's "third strike" under the PLRA, 28 U.S.C. § 1915(g).

10    These findings and recommendations are submitted to the United States District

11    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days

12    after being served with these findings and recommendations, plaintiff may file written objections

13    with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

14    and Recommendations."  Plaintiff is advised that failure to file objections within the specified

15    time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

16    (9th Cir. 1991).

17    DATED:  June 30, 2011

18

19

20    KENDALL J. NEWMAN
       UNITED STATES MAGISTRATE JUDGE

21    dupr1700.dsms.3d strike

22

23

24

25

26